UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DAVID JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　Defendant. | Case No.: 0:20-cv-02136<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>　1.  **FCRA, 15 USC §1681** *et seq.* |

Plaintiff David Johnson ("Plaintiff"), through his attorneys, alleges the following against Defendant Experian Information Solutions, Inc. ("Experian"):

## INTRODUCTION

This is a one-count Complaint based on violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*., against Experian, as well as its agents for its unlawful reporting of inaccurate information on Plaintiff's credit report and for its failure to conduct a reasonable reinvestigation after receiving notice of a dispute.

## JURISDICTION AND VENUE

1.  　The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

1

2. Venue in this District is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

3. Defendant transact business here; as such, personal jurisdiction is established.

## PARTIES

4. Plaintiff David Johnson is a natural person residing in the city of Maple Grove in Hennepin County, Minnesota.

5. Plaintiff is a *consumer* as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant Experian is a *credit reporting agency,* as defined in 15 U.S.C. § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Upon information and belief Experian disburses *consumer reports* to third parties under contract for monetary compensation.

8. At all relevant times, Defendant acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around April 2014, Plaintiff and his wife, Beverly Johnson ("Mrs. Johnson") obtained a joint mortgage loan with LoanCare Financial Corporation (the "Account"), ending in 8870.

10. On or about December 17, 2019, Plaintiff and his wife Mrs. Johnson filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Minnesota (Minneapolis), petition number 19-43769.

11. During the bankruptcy process, Plaintiff and Mrs. Johnson reaffirmed their obligations under the Account, on or about January 24, 2020, meaning Plaintiffs remained personally responsible for the mortgage debt and the same was not included in their bankruptcy discharge.

12. Plaintiff and Mrs. Johnson received a discharge in bankruptcy court on or about March 17, 2020.

## Inaccurate Reporting

13. Plaintiff and Mrs. Johnson filed their bankruptcy and reaffirmed the aforementioned mortgage with LoanCare for the purpose of rebuilding and improving their credit. They were eager to obtain their "fresh start".

14. On or about May 26, 2020, Plaintiff and Mrs. Johnson obtained their Experian, Equifax, and Trans Union consumer credit reports to make sure the bankruptcy reporting was accurate.

15. Plaintiff and Mrs. Johnson discovered that the CRAs were reporting the Account inaccurately as having been included in their bankruptcy on both of their credit files.

16. Plaintiff and Mrs. Johnson have continued to make timely payments on the Account and are current on their payments to date.

17. The CRAs were not reporting Plaintiff and Mrs. Johnson's positive payment history on the Account.

18. Plaintiff and Mrs. Johnson's positive payment history on the Account is important to their efforts to reestablish their credit and maintain their previous positive credit history.

19. The CRAs' reporting was patently false and materially misleading as the Account was reaffirmed and not included in Plaintiff and Mrs. Johnson's bankruptcy.

### Plaintiff's Dispute Letters

20. On or about June 25, 2020, Plaintiff and Mrs. Johnson sent separate letters to Experian, Equifax, and Trans Union disputing their inaccurate reporting of the Account.

21. The letters specifically advised that Plaintiff and Mrs. Johnson did not include the Account in their bankruptcy.

22. Upon information and belief, Experian, Equifax, and Trans Union received Plaintiff and Mrs. Johnson dispute letters.

23. Upon information and belief, Experian, Equifax, and Trans Union forwarded Plaintiff's disputes to LoanCare within 5 business days of receipt.

24. Upon information and belief, LoanCare conducted a reasonable investigation.

### Responses to Plaintiff's Dispute Letters and Continued Inaccurate Reporting

25. On or about July 21, 2020, Equifax responded to Plaintiff's dispute letter.

26. Equifax updated the Account to correctly report as reaffirmed in bankruptcy.

27. On or about July 22, 2020, Equifax responded to Mrs. Johnson's dispute letter.

28. Equifax's updated the Account to correctly report as reaffirmed in bankruptcy.

29. On or about July 25, 2020, Trans Union responded to Plaintiff and Mrs. Johnson dispute letters.

30. Trans Union updated the Account to correctly report as reaffirmed in bankruptcy on both Plaintiff and Mrs. Johnson's report.

31. On or about July 27, 2020, Experian responded to Plaintiff's dispute letter.

32. Experian's response indicated that Plaintiff's Account had been "verified as accurate" and that Experian would continue to report the Account as "Discharged through Bankruptcy Chapter 7".

33. Upon information and belief, Experian did not reply to Mrs. Johnson's dispute letter.

34. On or about August 13, 2020, Mrs. Johnson pulled her Experian credit report to assure everything had been updated accordingly.

35. Despite failing to update the Account on Plaintiff's report, Experian correctly reported the Account as "Open/Never late" on Mrs. Johnson's credit report.

## Damages

36. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

37. Upon information and belief, had Defendant accurately reported the Account as a positive account with a positive payment history, Plaintiff's credit score would have been better than it was.

38. Defendant's conduct exacerbated Plaintiff's frustration during the already stressful post-bankruptcy period by hindering his ability to rebuild his credit.

39. Defendant's conduct reduced Plaintiff's access to credit by reporting materially misleading and patently false information on his consumer credit reports.

40. Upon information and belief, Plaintiff has applied for credit cards and has been approved at less favorable terms due to Defendant's inaccurate reporting.

## COUNT I
### Defendants Experian
### (Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant's conduct violated the FCRA. Defendant's violations include but are not limited to:

43. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

   a. Defendant reported Plaintiff's Account as included in bankruptcy when the Account was reaffirmed.

   b. The inaccurate reporting of Plaintiff's information has caused him to suffer, stress, anxiety, headaches, frustration, and emotional and mental pain and anguish, a decreased credit score, and subjected Plaintiff to less favorable interest rates and credit terms.

   c. Furthermore, Defendant received notice from Plaintiff that the information being reported on his credit was inaccurate.

44. Further, the FCRA provides that if the completeness or accuracy of any item of

information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

45. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. §1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

46. Defendant failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed in violation of 15 U.S.C. § 1681i:

    d. Defendant Experian verified the Account as being accurately reported and continued to report the Account as included in bankruptcy.

47. Defendant failed to review and consider all relevant information submitted by Plaintiff.

48. Defendant's acts, as described above, were done willfully and knowingly.

49. As a result of the foregoing violations of the FCRA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs.

///

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff David Johnson respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendants violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

///

///

///

///

///

Respectfully submitted this 8th day of October 2020.

> By: *s/Jenna Dakroub*
> Jenna Dakroub
> Bar Number: 0401650
> **Price Law Group, APC**
> 8425 N. 85th Way
> Scottsdale, AZ 85258
> E: jenna@pricelawgroup.com
> Telephone: (818) 600-5513
> Fax: (818) 600-5413
> *Attorneys for Plaintiff*
> *David Johnson*